## OF THE

# SUPREME COURT OF MISSOURI.

## FOURTH JUDICIAL DISTRICT.

### SEPTEMBER TERM 1840.

6 575
108 458

### KING v. BAILEY.

1. The provisions of the 3rd sect. of the "act to prevent fraud," (R. C. 1835, p. 283,) do not affect the rights of creditors secured by the 2d sec. of the same act; and, a purchaser at a sale, under an execution in his own favor, does not lose any of the rights of a creditor, under said act.
2. The possession of the wife is the possession of the husband.
3. Possession of personal property by the vendor after the sale, whether the same were absolute or conditional, is fraudulent and void, *in law*, as against creditors, prior or subsequent.

Error to the Circuit Court of Gasconade County.

*Frissell for Appellant.*

The following points are insisted on by the plaintiff in error. 1st. That where possession of a chattel remains with an insolvent, contrary to or not in accordance with the deed conveying it, is fraud per se as to creditors. Edwards vs Harbin 2 term Rep. 587; Hamilton vs. Russell, 1 cond. Rep. 318; Hodgson vs. Butts, 1 cond. Rep. 476.

2nd. That evidence of indebtedness of Hinton was proper for the consideration of the jury and ought not to have been excluded. Stat. of Mo. 250, s. 4; Hoid's lessee vs Longworthy, 6 Cond. Rep. 275; Stat. of Mo. 283, s. 2 & 3.

3rd. That there being no evidence offered that the defend-

SEPT TERM 1840.

King
v.
Bailey.

ant King had any notice of the conveyance of Hinton to Baily, either actual or constructive, the instructions of the court being speculative and hypothetical, and proceeding upon the supposition that such notice existed, are erroneous.

4th. That the oral instructions of the court to the jury without the consent of the defendant below is error under express provisions of the statute. Acts of 1738-9, 27, s 2.

*Cole for Appellee.*

1st. It is insisted that the sale from Hinton to Bailey under the above circumstances was valid in law against King, the judgment creditor.

2nd. The circuit court on the trial of the above cause committed no error prejudicial to appellant.

*Opinion of the Court by Tompkins Judge.*

Baily brought his action of detinue in the circuit court of Gasconade county against King, where he obtained a judgment, and to reverse that judgment King prosecutes this writ of error.

On the trial of the cause, Bailey gave in evidence a mortgage executed to him by Jacob Hinton, by which Hinton sells to Bailey, in consideration of the sum of four hundred dollars in hand paid, a negro girl slave named Joann, provided that if said Hinton should, within one year thereafter, pay the principal to the said Bailey with interest thereon, at a rate provided in a note executed at the same time by Hinton, then the mortgage to be void, &c.

This mortgage was dated on the 12th day of October 1837. It was recorded, but not in conformity to the provisions of the statute. A witness proved that after the execution of the instrument Bailey paid over two hundred dollars to Hinton, and in a few days thereafter he paid the remaining part; and that after the execution of the instrument Hinton called the girl into the room, where he and the plaintiff Bailey were, and said here is the girl, she is yours, I deliver you possession of her; that said Hinton's wife then requested him to leave her the said negro until spring, as she had a young child and no nurse, that Hinton's wife was a cousin of Bailey, to which Bailey assented. The

possession of King the defendant was also proved. Posses-

sion of the slave remained in Hinton till it was taken possession of by a constable in virtue of an execution issued by a justice in favor of King, the appellant.

The defendant King, appellant here, then offered in evidence certain judgments obtained by himself before a justice of the peace.

One for $72 debt, and $1 96 interest.

"     " $110 debt, and $6 41 interest.

"     " $150 debt, and $6 72 interest.

The two first of these judgments were excluded, and the latter was admitted to be read in evidence to the jury.

The defendant then offered in evidence two executions one for $74,56 debt and damages; the other for $117 58, debt and damages, they were both excluded, and a third execution for $122 93¾ was suffered to be read in evidence.— By virtue of this execution the negro girl was sold, and King the plaintiff in the execution became the purchaser.

The defendant prayed from the court these instructions following:

1st. If the jury believe from the evidence, that after the execution of the mortgage of the slave Joann by Hinton, to the plaintiff, that Hinton remained in the possession of said slave, then the mortgage of the said slave is fraudulent and void, as regards the said defendant.

2nd. If the jury believe that there was a sale or mortgage of the said slave, by Hinton to Bailey, and that Hinton remained in possession of said slave, after such sale or mortgage, that such possession was fraudulent and void as against existing creditors.

3rd. That if they believe that the plaintiff purchased the said slave for a valuable consideration from Hinton, but permitted the slave to remain in his possession after such purchase, and that said slave while in Hinton's possession was sold to pay his debts then they must find for the defendant. ·

4th. That unless possession accompanies the sale of personal property, or other deed of conveyance is executed by the vendor to the vendee, and delivered to the vendee, and the same is duly acknowledged and recorded, that it is void as to creditors.

5th. That there is no evidence in the case, that there was any bill of sale or other conveyance, conveying the slave in dispute from Hinton to Bailey executed by Hinton and duly recorded.

6th. That every bill of sale of personal property, or other conveyance, made with intent to hinder, delay or defraud creditors, or other persons, of their lawful actions, or demands, as against creditors, prior or subsequent, is fraudulent and void.

7th. That unless the jury believe there has been a demand of said slave from the defendant either by the plaintiff or his agent, and a refusal to deliver such slave on such demand, they must find for the defendant.

The circuit court refused to give these instructions and instructed the jury as follows:

1st. If they believe that the conveyance was made by Hinton to delay or hinder creditors, or others, of their lawful demands, it is fraudulent and void.

2nd. But If the defendant King had notice of the conveyance aforesaid, at the time of his purchase, unless they believe that the plaintiff Bailey was a party or privy to the fraud intended, then the conveyance is not void in favor of the defendant.

3rd. That if a conveyance of personal property is made, whether the same be absolute or conditional, the possession must accompany the sale or transfer, otherwise it is fraudulent and void as to creditors or subsequent purchasers.

4th. That if the jury believe that Bailey did bona fide and really permit the said slave to remain with the wife of Hinton for the purpose of nursing the child of said Hinton, and that it was not a pretense to avoid the imputation of fraud resulting from the possession remaining with Hinton after the sale to Bailey, that is a circumstance sufficient to take the transaction out of the operation of the principle above stated, and in that event the jury will determine from all the circumstances detailed in their hearing whether the conveyance was made with intent to defraud creditors or purchasers, and that Baily was a party or privy to the fraud, then they will find for the plaintiff.

SEPT. TERM
1840.

King
v.
Bailey

The counsel of King, the appellant, except to the opinion of the court in refusing the instructions prayed by himself, and in giving its own instructions.

The second section of the statute to prevent fraud, provides that every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or goods and chattels, &c., made or contrived with intent to hinder, delay or defraud creditors, or other persons, of their lawful actions, damages, debts, forfeitures or demands, as against creditors or purchasers, prior or subsequent, shall be void. And by the third section of the same act it is provided that, "no such conveyance or charge shall be deemed void in favor of a subsequent purchaser, if the deed or conveyance shall have been duly acknowledged or proved and recorded, or the purchaser have actual notice thereof at the time of his purchase, unless it shall appear that the grantee in such conveyance, or person to be benefitted by such charge, was party or privy to the fraud intended."

This section, it is to be observed, is a saving out of the second section of the act in favor of the person who records his deed, or other conveyance, against the rights of subsequent purchasers. The rights of creditors, secured by the second section, are not in any way affected or impaired by the provisions contained in the third section in favor of those who record their deeds. King was a creditor of Hinton, and by the act of purchasing this negro at a sale under his own execution, he did not lose any of the rights of a creditor. The third section saved the rights of those who recorded their deeds, duly acknowledged, against subsequent purchasers by private contract with the original owner. As, for example, if King had purchased from Hinton, with the knowledge of Bailey's previous purchase, whether that knowledge were actual or constructive is immaterial. King then being a creditor is not affected by the provisions of the third section. At common law if a creditor take an absolute bill of sale of goods from his debtor, but agree to leave them for a limited time in his possession, and the debtor die while in such possession, whereupon the creditor takes and sells the goods, he will be liable to be sued as an executor *de son*

The provisions of the 3d sec. of the "act to prevent fraud," (R. C. 1835, p. 283) do not affect the rights of creditors secured by the 2d sec. of the same act; and, a purchaser at a sale, under an execution in his own favor, does not lose any of the rights of a creditor, under said act.

SEPT. TERM.
1840.

King
v.
Bailey.

*tort* for the debts of the deceased; for the debtors continuing in possession is inconsistent with the deed, and fraudulent against creditors. See Edwards vs. Harbin, 2nd Term Reports 587, and cases there cited. Also Hamilton vs. Russell, 1st Con. Rep. 318; and Hodgson vs. Butts, 1 Cond. Rep. 476. It was certainly proved that Hinton called the negro into the room where he and Bailey were, and delivered her into his possession; but he instantly agrees to leave her with Hinton's wife in Hinton's house, till the spring of the next year. *The possession of Hinton's wife is the possession of* Hinton himself, and it is a possession inconsistent with the deed. Such was their own understanding of the deed of mortgage; and a very correct interpretation too. If the provisions of the statute are to be evaded by such acts as this, it is in vain the Legislature have enacted it. The object of the act is to prevent fraudulently disposed persons from obtaining credit by a false show of wealth. And this object would be defeated if the purchaser were permitted, after a formal delivery, to restore the slave immediately into the possession of the vendor without incurring the penalties of the act of Assembly. As to the law of this case, then, it is quite immaterial whether or not King were informed of Hinton's sale and conveyance of this slave to Bailey; and it is also quite immaterial whether or not Bailey were party or privy to any fraudulent intention of Hinton. The act is one deemed fraudulent in law, and therefore void as against a creditor, and King was a creditor. The instructions given and refused must then be examined by this rule. The first instruction asked by King, the appellant, should then, in my opinion, have been given, King being a creditor purchasing at a sale under an execution in which he is plaintiff.

The second instruction is objectionable only as it requires the court to do over again what the first instruction asked. Its terms vary a little. It requests the court to tell the jury that if they found that there was a sale or mortgage, and that Hinton remained in possession after such sale or mortgage, that such possession was fraudulent and void as against existing creditors.

There was evidence of a mortgage but of no sale, other

*The possession of the wife is the possession of the husband.*

*Possession of personal property by the vendor after the sale, whether the same were absolute or conditional, is fraudulent and void, in law, as against creditors, prior or subsequent.*

SEPT. TERM.
1840.

King
v.
Bailey.

than what was a part and parcel, or perhaps the essential part of the mortgage; and it was also proved that King, the defendant in the circuit court, was an existing creditor at the time the mortgage was made. In this view of the second instruction it appears to me to have been totally useless, and that no evil could arise from rejecting it if the first had been given.

The third instruction is liable to no other objection than that, in substance, it was asked in the first, and is also liable to an objection which may perhaps be too special. It asks the court to instruct the jury that if among other things they believe the slave, while in the possession of Hinton, was sold to pay the debts of Hinton. Now when the slave was sold it was proved to be as the law requires, in the possession of the constable. But it is not to be presumed that the circuit court rejected it on that account, and we may say that the material part of it was accurate enough, and should have been given.

The fourth instruction was very well refused, for there is no provision in the statute to give any validity to a bill of sale of personal property as against a creditor, by having such bill of sale recorded, other than it would have had without being recorded. The act of recording gives the purchaser under such bill of sale greater security against subsequent purchasers only. And as before observed, these subsequent purchasers are voluntary purchasers at private sale, King in this case asked the instruction to his own injury, for he was a creditor, and by becoming a purchaser at the constable's sale, did not lose the rights of a creditor.

The fifth construction ought to have been given, and in all probability would have been given had it been asked in plainer terms. The substance of that instruction is that the mortgage produced in evidence was not duly acknowledged and recorded. This meaning was probably not so easy to be extracted by the circuit court, surrounded as it commonly is by a crowd of spectators, and liable to frequent interruptions.

The sixth instruction should have been given.

The seventh instruction should have been refused as it

SEPT. TERM 1840.

King
v.
Bailey.

was: King as purchaser at the constables sale could acquire no right to make a demand by Bailey necessary.

The first and third instructions given by the circuit court are very correct.

The second and fourth instructions seem to be objectionable. According to the construction of the second and third sections of the statute above given; King stands before this court as a creditor purchasing at a sale under his own execution, a character favored by the law. The exceptions to which, the circuit court refers in the second and fourth instructions are such as are provided for a purchaser, who records his only acknowledged deed, against a subsequent voluntary purchaser at private sale; or such a purchaser who purchases with the knowledge of the previous conveyance not recorded.

The counsel of King does not seem to have urged very strenuously the point that the circuit court rejected the copies of the judgments offered in evidence. They were in nothing material except to raise the presumption of a fraudulent combination between Hinton and Bailey to hinder and delay King in collecting his demands from Hinton; and as it does not appear that Bailey was affected with any notice of Hintons debts they were well enough rejected by the circuit court.

For the reasons above given the judgment of the circuit court ought in my opinion to be reversed, and Judge McGirk concurring in that opinion it is accordingly reversed, and will be remanded.

*McGirk Judge.*

I concur in this opinion, except that I believe the judgments offered in evidence were competent evidence in the cause. Although it might not have been proved that Bailey knew of Hinton's indebtedness.

*Napton Judge.*

I do not concur in this opinion, except so much of it as relates to the exclusion of the Judgments offered.