THE HUGGINS CRACKER & CANDY COMPANY, Appellant, v. T. H. ELLIS & Co., Defendants ; C. R. McENTEE, Interpleader, Respondent.

Kansas City Court of Appeals, May 25, 1891.

1. Fraudulent Conveyances : CHANGE OF POSSESSION : WHEN FOR COURT, WHEN FOR JURY. The vendee must take actual possession, and the possession must be open, notorious and unequivocal, such as to apprise the community or those who are accustomed to deal with the party that the goods have changed hands, and that the title has passed out of the seller and into the purchaser. This must be determined by the vendee using the usual marks and *indicia* of ownership, and occupying that relation to the thing sold which owners of property generally sustain to their property. Whether a purchaser has taken and maintained the required possession, is a question of fact ordinarily *to be* determined by the triers of fact, and when so determined under proper instructions and conflicting evidence, the finding is conclusive on the appellate court in the absence of irresistible evidence of passion, partiality or prejudice. Where, however, it appears from the undisputed facts that the possession required by the statute was not taken, then the court is justified in deciding the sale fraudulent in law and void.

2. ——: EVIDENCE : DEMURRER. The evidence in this case reviewed and summarized in the opinion, and the refusal of a demurrer to interpleader's evidence *held* properly overruled.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*W. A. Alderson*, for appellant.

The evidence in this case conclusively shows that the delivery to the respondent by the defendants, T. H. Ellis & Co., of the stock of goods levied on under the writ of attachment herein, was not followed by "an actual and continued change of possession" within the meaning of the statute concerning fraudulent conveyances, being section 5178, Revised Statutes. *Claflin v. Rosenberg*, 42 Mo. 439; *Lesen v. Herriford*, 44 Mo. 323; *Burgert v. Borchert*, 59 Mo. 80; *Wright v. McCormick*, 67 Mo. 426; *Sterne v. Henry*, 68 Mo. 262; *State ex rel. v. Merritt*, 70 Mo. 275; *Mills v. Thompson*, 72 Mo. 367; *State v. Donnelly*, 9 Mo. App. 519; *Knoop v. Distilling Co.*, 26 Mo. App. 303; *Stewart v. Nelson*, 79 Mo. 524.

*Lyon & Ryland*, for respondent.

This case turning upon the single issue of unequivocal and notorious possession, as required by the statute in question, we have not the slightest doubt that any court, in the light of the evidence, will hold that, after it has been fairly presented to the jury, the parties should abide their verdict. *Leeser v. Boekhoff*, 33 Mo. App. 223; *Claflin v. Rosenberg*, 42 Mo. 448. What will be a "reasonable time" for change of possession of personal property after sale, as meant by the statute (Wag. Stat. 281, sec. 10), must be determined by the circumstances of each case. No definite rule can be laid down. *Bishop v. O'Connell*, 56 Mo. 159 and 160.

GILL, J.—This is a contest between the Huggins Cracker & Candy Company, plaintiff, and interpleader McEntee as to the legal ownership of a certain stock of groceries. Defendants, Ellis & Co., were retail grocers in Kansas City, and as such were indebted to the plaintiff. On July 16, 1889, at about five o'clock P. M., the cracker company sued out an attachment against Ellis & Co., and levied on the goods in controversy which had been owned by and formerly in the possession of said Ellis & Co. McEntee interpleaded, claiming to have purchased the goods and taken possession thereof before the levy of the attachment. The cause was tried before a jury, who, after hearing the evidence and instructions from the court, returned a verdict in favor of said interpleader, and plaintiff appealed.

I. It would seem from the character of the evidence offered, as well as from the nature of the instructions, that plaintiff assailed the interpleader's title to the goods on two grounds : *First*, actual fraud in the purchase, and, *second*, that the purchase was fraudulent and void in that the interpleader did not take and continue that possession which the statute requires. However the only matter urged on this appeal relates to the last point of attack. It is claimed by plaintiff's counsel, that the evidence conclusively shows that the delivery of the goods to McEntee by Ellis & Co. was not followed by "an actual and continued change of possession" within the meaning of that section of the statute concerning fraudulent conveyances, known in the late revision as section 5178. Said section reads : "Every sale made by a vendor of goods and chattels in his possession or under his control, unless the same be accompanied by delivery in a reasonable time, regard being had to the situation of the property, and be followed by an actual and continued change of the possession of the things sold, shall be held to be fraudulent and void, as against the creditors of the vendor, or subsequent purchasers in good faith," etc.

The reports of the appellate courts in this state are full of tedious repetitions as to the proper construction of this statute. In the case always referred to ( and which is the leading and controlling decision ), *Claflin v. Rosenberg*, 42 Mo. 439, it is said : "The vendee must take the actual possession, and the possession must be open, notorious and unequivocal, such as to apprise the community or those who are accustomed to deal with the party, that the goods have changed hands, and that the title has passed out of the seller and into the purchaser. This must be determined by the vendee using the usual marks and *indicia* of ownership, and occupying that relation to the thing sold which owners of property generally sustain to their own property," etc. Whether or not the purchaser in any given case has taken and maintained the possession thus demanded by the statute is a question of fact ordinarily to be determined and decided by the triers of the facts. And just, too, as in the trial of other issues of fact, if such questions be submitted, under proper instructions and upon conflicting evidence, and the jury determine the same, in any particular way, then such finding and determination is conclusive on the appellate court, unless indeed the evidence is so overwhelming against such finding that the conclusion is irresistible that the finding was prompted thereto by passion, partiality or prejudice. *Lesser v. Boekhoff*, 33 Mo. App. 223-233 ; *Claflin v. Rosenberg*, *supra*, 448. Where, however, it appears from the undisputed facts that the possession required by the statute was not taken, then the court is justified in declaring the sale fraudulent in law and void. *Wright v. McCormick*, 67 Mo. 426 ; *Stern v. Henley*, 68 Mo. 462 ; *Knapp v. Distilling Co.*, 26 Mo. App. 312, and cases, *supra*. But the rule is the same in this as other classes of cases, that a demurrer to the evidence on the claim of an interpleader is not rightfully sustained unless there is a total and complete failure of evidence to uphold a verdict in his favor, and where

there is any evidence tending to prove the issue on such possession it must be submitted to the jury. *Claflin v. Rosenberg*, 42 Mo. 448, 449.

In view now of this law, as brought alongside the testimony, we are of the opinion that the trial court properly refused plaintiff's instruction directing a verdict for it. From this evidence the jury was justified in the finding, that the purchase by McEntee was in entire good faith. The evidence tended to prove that he began negotiations therefor on July 15, which were concluded about eleven o'clock the sixteenth, some five or six hours before the levy of the attachment; the consideration was paid to Ellis & Fibleman; interpleader then took complete and entire control of the store and placed his son ( who had several years' experience in the grocery business ) in charge; the sellers, Ellis & Fibleman, both left, and were not seen about the store thereafter; interpleader also hauled away a wagon-load of these goods and placed them in his own house a few blocks away; the son in charge advised all patrons as they came in during the day of the change of ownership and declined goods sent there on account of Ellis & Co., and explained the situation to the parties; interpleader also informed the owner of the building of the change and arranged to continue the stock in its then location till disposed of, and, indeed, did many things giving notoriety and indubitable warning of the change of ownership. It is true that interpleader continued the employment of two men theretofore engaged by Ellis & Co., but this was no wrong. It has ever been held that continuing the services of the seller himself would not affect the transaction if the change was otherwise apparent. And it is also true that the sign of Ellis & Co. was not taken down until about five or six o'clock P. M. that day, and only then when attention was called thereto by the constable who went out to attach the goods. Even this circumstance was only evidence tending to show that there was no change. But on

the other hand there was ample evidence of a complete change in proprietors. The sale was kept no secret, but seems to have carried with it the appearance of publicity and entire good faith.

The cause was fairly tried; there was evidence supporting the verdict for the interpleader, and we, therefore, affirm the judgment. All concur.