## Collins v. Wilhoit *et al.*, *Appellants.*

IN BANC.

1. **Conditional Sales:** NOTICE: STATUTE. Revised Statutes of 1889, section 2505, providing that no sale of chattels, where possession is delivered to the vendee shall be subject to any condition whatever as against the creditors of the vendee or subsequent purchasers in good faith, unless such condition be evidenced in writing and recorded, applies to prior as well as to subsequent creditors.

2. ———: ORAL CONDITION: NOTICE. A sale upon oral condition is void as to the vendee's creditors, and actual notice to them of the conditional sale is immaterial.

*Certified from Kansas City Court of Appeals.*

AFFIRMED.

*A. D. Burnes* and *J. W. Coburn* for appellants.

( 1 ) The condition in the sale that the hogs were to remain the property of the vendor Collins, until paid for by the vendee McComas, was void, it not being in writing, executed, acknowledged or recorded as provided in cases of mortgages of personal property. R. S. 1879, sec. 2505 (second clause); *Coover v. Johnson*, 86 Mo. 533. In the above case the debt was prior to the sale. ( 2 ) The term "creditors" in the first clause of section 2505 has been construed to mean "prior," as well as "subsequent," creditors. *Bilby v. Bartman*, 29 Mo. App. 139; *Harmon v. Morris*, 28 Mo. App. 329; *Crane v. Timberlake*, 81 Mo. 431; *Stewart v. Nelson*, 79 Mo. 522, 524; *Mills v. Thompson*, 72 Mo. 367; *Stern v. Henley*, 68 Mo. 262; *Knoop v. Distilling Co.*, 26 Mo. App. 315; *Burgert v. Burgert*, 59 Mo. 80. ( 3 ) "Words and phrases, the meaning of which, in a

statute, has been ascertained, are, when used in a subsequent statute, to be understood in the same sense." Potter's Dwarris on Statutes [ Ed. 1885 ] p. 274 ; Bacon's Abridgment, Title Statute, 1 ; *Com. v. Hartwell*, 3 Gray, ( Mass.) 450 ; *Buchnaboye v. Motlichmed*, 32 Eng. L. & Eq. 84 ; *Bogardus v. Church*, 4 Sand. Ch. 633 ; *Riggs v. Wilton*, 13 Ill. 15 ; *Adams v. Field*, 21 Vt. 256. So the word creditors in the second clause of section 2505 should be construed "prior" as well as "subsequent" creditors, as it has been construed in the first clause of said section, before the enactment in 1877 of the second clause. ( 4 ) Collins consented to the mortgage by McComas to Waller, or assented to it after it was made, said he looked to Waller for the money due him from McComas, received $50 of the money derived from the sale by Waller under the mortgage, which was the only part of the money derived from such sale, and permitted Waller to apply the balance of the money from such sale on his debt from McComas for rent. Such conduct was a waiver of his lien, not only to Waller, but to all the world. *Robbins v. Phillips*, 68 Mo. 100 ; *Ridgway v. Kennedy*, 52 Mo. 24 ; *Little v. Page*, 44 Mo. 412 ; *Parmlee v. Cathewood*, 36 Mo. 479 ; *Dannefelser v. Weigel*, 27 Mo. 45 ; *Palchin v. Biggerstaff*, 25 Mo. App. 542 ; Benjamin on Sales, p. 256 ; *Wilkie v. Day*, 6 N. E. Rep. 542.

*John W. Coats* for respondent.

( 1 ) The conditions in the sale of the hogs to McComas by Collins were not void as to Kindred, because he was not a subsequent creditor or subsequent purchaser of McComas, nor was he a prior creditor of Collins. R. S., secs. 2505–2507 ; *Machine Works v. Trisler*, 21 Mo. App. 69 ; *Tufts v. Thompson*, 22 Mo. App. 564 ; *Knoop v. Distilling Co.*, 26 Mo. App. 303. And there was no error in the court's refusal to give the first instruction asked by defendants. ( 2 ) The

Collins v. Wilhoit.

court properly refused the second, third and fourth instructions asked by defendants. There was no evidence offered at the trial upon which said instructions could be based. *Harrison v. Cachelin*, 27 Mo. 26; *Webster College v. Tyler*, 35 Mo. 268. The evidence clearly shows that Collins had no knowledge of the mortgage given by McComas to Waller until after the levy, and there is no evidence that he consented to the same, and, even if he did, it does not lie in the mouth of Kindred to complain. It would have placed him in no worse position than he already occupied. He was only a prior creditor of McComas, and creditors are not innocent purchasers. *Mill Co. v. Turner, Frazier & Co.*, 23 Mo. App. 103. Neither Kindred nor Waller was a creditor of Collins, or subsequent purchaser in good faith. (3) Upon a state of facts, as in this case, the appellate court will not reverse when the finding is clearly for the right party, by a court sitting as a jury, even though declarations of law, which might have been properly given, were refused. *Adams v. Harper*, 20 Mo. App. 684; *Tufts v. Thompson*, 22 Mo. App. 564. Nor will the finding of the trial court be disturbed upon the mere suggestion that the same is against the evidence or weight of evidence. *Meyer v. McCabe*, 73 Mo. 240. (4) The point raised in the second paragraph of appellant's brief, and the authorities therein cited, are wholly irrelevant to the issues involved in the case at bar. The first clause of section 2505, Revised Statutes, is not involved in the facts or issues of this case. Neither Kindred nor Waller is a creditor of, or purchaser from, Collins. The first clause of this section was intended only as a protection to prior creditors and subsequent purchasers in good faith of the vendor, where there has been no change of possession after a prior sale. This case rests upon the second clause of section 2505, which was intended to protect subsequent creditors and subsequent purchasers in

good faith of the vendee; and Waller, the only subsequent creditor or purchaser of McComas, is not a party or complainant in this case. *Machine Works v. Trisler*, 21 Mo. App. 69; *Tufts v. Thompson*, 22 Mo. App. 564; *Knoop v. Distilling Co.*, 26 Mo. App. 303.

BLACK, J.—The plaintiff commenced this action of replevin before a justice of the peace to recover four hogs. He prevailed in the justice's court and again in the circuit court. The Kansas City court of appeals, to which the cause was appealed, reversed the judgment of the circuit court and remanded the cause, and then certified the same to this court for the reasons hereafter stated.

The facts are these: Joseph Kindred recovered a judgment against McComas in 1885 or 1886. In October, 1887, McComas purchased from Collins, the plaintiff in this case, twenty head of hogs, including the four now in question. He did not pay for them, and it was verbally agreed between him and Collins that McComas should take possession of the hogs, but that they should remain the property of Collins until paid for. An execution was issued on the judgment in favor of Kindred against McComas and placed in the hands of constable Wilhoit, who levied the same on the four hogs in question on the fourteenth of December, 1887. The date of the execution is not given. Collins then commenced this suit, McComas not having yet paid for the hogs. There is some other evidence which will be noticed hereafter.

The case turns upon the question whether the court erred in refusing the following instruction asked by the defendant: "That if Collins sold the hogs in controversy to McComas and delivered possession of them to McComas, and at said sale it was agreed between them that the hogs were to be the property of the vendor until paid for, then said sale is void as against the creditor of the vendee, unless said condition as to

ownership was reduced to writing, acknowledged and recorded as provided by law in cases of mortgages of personal property."

The defendant bases his right to have this instruction given on the second clause of section 2505, Revised Statutes, 1879. The first clause provides: "Every sale made by a vendor of goods and chattels in his possession or under his control, unless the same be accompanied by delivery in a reasonable time, regard being had to the situation of the property, and be followed by an actual and continued change of the possession of the things sold, shall be held to be fraudulent and void, as against the creditors of the vendor, or subsequent purchasers in good faith." And the second clause is in these words: "And no sale of goods and chattels, where possession is delivered to the vendee shall be subject to any condition whatever as against creditors of the vendee, or subsequent purchasers from such vendee in good faith, unless such condition shall be evidenced by writing, executed and acknowledged by the vendee, and recorded as now provided in cases of mortgages of personal property."

From the foregoing statement it will be seen that Kindred recovered his judgment before Collins sold the hogs to McComas, so that he was a prior creditor of McComas. And the first question is whether the term "creditors," as used in the second clause, includes prior creditors. The Kansas City court of appeals held in this case that it included prior as well as subsequent creditors, while the St. Louis court of appeals holds that it means subsequent creditors only. *Defiance Machine Works v. Trisler*, 21 Mo. App. 69; *Knoop v. Distilling Co.*, 26 Mo. App. 303; *State v. Green Tree Co.*, 32 Mo. App. 276. It is because of this conflict in the rulings of those courts that the case in hand was certified to this court.

The first clause of section 2505 is the old tenth section of the statute concerning fraudulent conveyances

as amended by the General Statutes of 1865. In 1877 the legislature added the second clause by way of an amendment, and as thus amended the whole section was carried into the Revised Statutes of 1879. Prior to 1877, these sales, upon condition that the title should remain in the vendor until payment of the purchase price, were held valid as against creditors, though the condition was not made matter of record. *Mfg. Co. v. Culp*, 83 Mo. 548, and cases cited. Such sales became of frequent occurrence, and were productive of much mischief, and, hence, the new enactment. The fact that this new enactment was made by an addition to the old section as amended in 1865, and the manifest similarity of the language used in the clauses, show quite clearly that the legislature used the term "creditors" in the second clause in the same sense in which it had been used in the first. Now, we have held that the first clause, in speaking of creditors, means and includes prior as well as subsequent creditors. *Knoop v. Distilling Co.*, 102 Mo. 157. And this was doing no more than affirming what we consider to be a very well-understood rule. We are not to assign a different meaning to the word, as used in the second clause, from that accorded to it in the first, unless some good reason can be given for so doing. This, we think, cannot be done. The two clauses are certainly alike in this, that they seek to prevent a false show of wealth. We think it will also appear from what is hereafter said, that each clause makes the described transaction void as to creditors, as a matter of law. The one seeks to protect creditors of the vendor, and the other creditors of the vendee, against a false appearance of ownership of personal property. Both clauses are based upon the same policy, and we have no more right to substitute "subsequent creditors" for "creditors" in the one clause than we have in the other. Our conclusion is that when the second clause speaks of creditors it means and includes prior as well as subsequent creditors. It is

true this second clause works out its object by requiring the condition to be reduced to writing and recorded, and is, therefore, in a sense a recording act, but we do not see that that militates against the conclusion just expressed.

2. It is next insisted that the instruction was properly refused because it leaves out of view the evidence tending to show that Kindred had notice of the conditional sale. The plaintiff testified: "I told Kindred about selling the hogs to McComas on condition that they were to be mine until he paid for them; this was at Smithville some time before the levy was made." Though Kindred denies having such a conversation, there is here evidence that he had notice of the conditional sale before the levy of the execution; so that the question arises whether actual notice to him is sufficient to take the case out of the statute.

The statute declares that "no sale of chattels, where possession is delivered to the vendee, shall be subject to any condition whatever as against creditors of the vendee, or subsequent purchasers from such vendee in good faith, unless," etc. In *Coover v. Johnson*, 86 Mo. 533, in construing this clause of the statute, we held that the expressions, "without notice," and "in good faith," are equivalent terms, and that the words, in good faith, refer back to and qualify the word creditors, as well as the words, subsequent purchasers. On further consideration, we are of the opinion that the conclusion then reached cannot stand the test.

In the first place such a reading is unnatural and strained; for creditors without qualification stand as one class, and subsequent purchasers in good faith as another and distinct class. Again, a creditor may be such in good faith, though he has notice of a prohibited transaction between his debtor and a third person. Here we may again obtain light by resorting to the settled meaning of like words found in the first clause of the section. Under the first clause it has been held

ever since 1865 that a retention of possession of personal property by the vendor made the sale void as a matter of law. *Claflin v. Rosenberg*, 42 Mo. 439; 44 Mo. 323; 56 Mo. 158; 67 Mo. 426; 68 Mo. 262. Notice of such a sale to a creditor is immaterial, for it is only notice of a transaction which is void by the rules of law. *Lawrence v. Burnham*, 4 Nev. 361; *Hower v. Geesaman*, 17 S. & R. 251; *King v. Bailey*, 6 Mo. 575. The same is true in respect of the second clause for notice; to a creditor of the condition attached to the purchase is simply notice of a contract which, as to him, is void. This clause does not say, it is true, that the purchase of chattels upon condition shall be fraudulent, but it does say there shall be no condition whatever as to a creditor of the vendee, unless the condition is reduced to writing, acknowledged and recorded. Unless this is done, the purchase is, as a matter of law, without condition as to creditors of the vendee. As to creditors, this second clause is also like section 2503, Revised Statutes, 1879, which provides that no mortgage of personal property shall be valid against third persons, unless possession be delivered to the mortgagee, or the mortgage be acknowledged and recorded. A mortgage of personal property which does not comply with this statute is invalid, both as to creditors and purchasers, although they may have actual notice of it. *Bevans v. Bolton*, 31 Mo. 437.

Statutes on this subject of conditional sales have been enacted of late years in many other states, but they are so unlike our statutes that the decisions of other states furnish no safe guide here. As has been said, these sales of personal property with attached verbal conditions, were the fruitful source of litigation, injustice and fraud. By the enactment in question, the legislature has said that, as to creditors of the vendee, there shall be no conditions, unless reduced to writing and recorded. Full force and effect should be given to this just and wise enactment; and in doing so it must

be and now is held that such verbal conditions are, as to creditors of the vendee, void as a matter of law, and, this being so, actual notice to the creditor of the conditional sale is immaterial. The case of *Coover v. Johnson* is, therefore, overruled, and it also follows that the instruction in question should have been given. The judgment of the Kansas City court of appeals is, therefore, affirmed. Sherwood, C. J., dissents. The other judges concur.