LAFE LOEFFLER, Respondent, v. DAMOREE BROTHERS, defendants; L. E. BURR, Interpleader, Appellant.

Kansas City Court of Appeals, May 2, 1898.

Fraudulent Conveyances: CONDITIONAL SALE. If one delivers the possession of personal property to another in pursuance of a parol agreement that upon certain payments being made, or secured, the property is to become the property of that other and in the meantime is to remain the property of the vendor, he violates the statute.

*Appeal from the Clinton Circuit Court.*—Hon. W. S. Herndon, Judge.

Affirmed.

E. J. Smith for appellant.

The transaction in question, as disclosed by the evidence, never amounted to a sale. It was a proposed sale and that only. If it did not amount to a sale then it did not come within the provision of either section 5178 or 5180 of the statutes, as the trial court supposed and held. At all events, as to whether or not it was a sale, and if a sale, a sale for cash or on time, and if for cash as to whether or not cash payment was waived, were all questions of fact to be determined by the jury, and for that reason the court erred in giving the instruction complained of. 21 Am. and Eng. Ency. of Law, 446, 447; State v. Wingfield, 115 Mo. 428, and authorities there cited; Johnson-Brinkman Co. v. Bank, 116 Mo. 558; Deacon v. Shipper, 35 Pa. St. 235; Leven v. Smith, 1 Denio, 571; State to use v. Brewing Co., 32 Mo. App. 281.

Turney & Goodrich for respondent.

The transaction comes clearly within sections 5178 and 5180. There was unquestionably a condition imposed in the original transaction which would bring it under section 5178; and, as changed, or modified, it is manifestly within the purview of the provisions of section 5180. R. S. 1889, secs. 5178 and 5180; Eidson v. Hedger, 38 Mo. App. 52; Coover v. Johnson, 86 Mo. 533 (since overruled in part); Collins v. Wilhoit, 108 Mo. 451, 458; Wurmser v. Sivey, 52 Mo. App. 425, 428.

ELLISON, J.—The plaintiff was a creditor of defendants and brought suit against them by attachment and attached as their property a lot of butcher's tools. Interpleader filed his interplea claiming the property as his. Plaintiff claims that interpleader sold and delivered the property to defendants before he attached them, with a condition attached to the sale that they should remain the property of interpleader until paid for. Interpleader claims that he did not sell them at all, but loaned them to defendants until they could make arrangements for purchasing them as per an agreement between them. On trial the circuit court directed a verdict for plaintiff and in this was unquestionably right. The evidence of interpleader himself left him without standing. From his evidence it is clear that he had delivered the possession of the property to defendants, or at least acquiesced in their possession in pursuance of an agreement of sale whereby they were to make certain payments of the purchase money. He stated explicitly that the property was to become defendants' when they complied with the terms of sale, and the evidence shows without contradiction that in the meantime the defendants were left in possession of the property using it as their own. The transaction, as disclosed by the interpleader himself was in clear violation of one of the following statutes:

* * * "No sale of goods or chattels, where possession is delivered to vendee, shall be subject to any conditions whatever as against creditors of the vendee, * * * unless such condition shall be evidenced by writing, executed and acknowledged by the vendee, and recorded as now provided in cases of personal property." Section 5178. "In all cases where any personal property shall be sold, * * * leased, rented,

hired or delivered to another on condition that the same shall belong to the person purchasing, leasing, renting, hiring, or receiving the same whenever the amount paid shall be a certain sum, or the value of the property, the title of the same to remain to the vendor, lessor, renter, hirer or deliverer of the same, until such sum, or the value of such property, or any part thereof shall have been paid, such condition in regard to title so remaining until such payment shall be void * * * as to creditors, unless such condition shall be evidenced in writing, executed, acknowledged and recorded as provided in cases of personal property." Sec. 5180; Collins v. Wilhoit, 108 Mo. 451.

When we state that interpleader's own evidence justified the peremptory instruction of the court, we do not mean to assert he admitted, in terms, that he made a sale on condition. But what he did state in testimony made a case as completely in the face of the statute as if he had in terms stated that such was the object. If one delivers possession of personal property to another in pursuance of an agreement that upon certain payments being made, or secured, the property is to become the property of that other, and in the meantime is to remain the property of the vendor, he violates the statute. Here, allowing to interpleader the most that can be made of his testimony it showed that his bargain of sale was that defendants were to pay $65 in cash and the balance evidenced by a note due in sixty days secured by mortgage on the property and the property delivered to defendants, but to remain interpleader's until these provisions were complied with. The property was delivered to defendants and affirmatively allowed to remain with them in active use with a knowledge, of course, that no cash had been paid and no note or mortgage given. It was not a sale for cash, or part cash, on delivery,

since the whole conduct of the parties shows that delivery was made knowing that no cash was expected on delivery. In this condition it was allowed to remain until the plaintiff as a creditor of defendant laid hold of it for his debt. The judgment is affirmed. All concur.