O. K. ANDERSON, Appellant, v. JOHN BERRY et al., Respondents.

St. Louis Court of Appeals, June 6, 1911.

1. **APPELLATE PRACTICE: Conclusiveness of Finding.** Where the trial court correctly declares the law and there is nothing to indicate passion, partiality or prejudice on its part, its finding on the facts, on conflicting evidence, is conclusive on appeal.

2. **FRAUDULENT CONVEYANCES:** Sales: **Chattel Mortgages: Necessity of Delivery and Change of Possession: Rights of Creditors.** The sale of personal property in the possession or control of a vendor, unless accompanied by delivery and followed by actual and continued change of possession, is fraudulent and void as against creditors of the vendor, under section 2887, Revised Statutes 1909; and the fact that, after levy, an attaching creditor of the vendor had notice of the sale would be immaterial, nor would it render the sale any the less fraudulent and void. as against creditors of the vendor, that the vendee had undertaken to secretly mortgage the property, without any delivery or change of possession being had from the original vendor.

3. ———: ———: **Purpose of Statute.** The purpose of the statute relating to the fraudulent conveyance of personal property is to prevent secret dispositions of property by the owner, which may be used to screen his means from legal process in behalf of creditors. •

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Taylor R. Young* for appellant.

An unrecorded mortgage is always good as between the parties. Section 3404, R. S. Mo. 1899, does not make an unrecorded mortgage a fraudulent conveyance. Sauerwein v. Renard Champagne Co., 68 Mo. App. 29. The effect of said section is simply to render said mortgage invalid as to creditors and purchasers from a mortgagor in possession. Rawley v. Bean, 80 Mo. 614; Landis v. McDonald, 88ᵉ Mo. App.

335. And the aid of this section cannot be invoked by all persons indiscriminately; a person invoking it must himself be related in some way to the parties to the instrument. Johnson v. Jeffries, 30 Mo. 432.

*Frank A. C. McManus* for respondents.

(1) Even the alleged sale from Dudley Shaw to R. M. Shaw (his father) should have been "open, notorious and unequivocal." Possession must be continuous, or the sale was void. R. S. 1909, sec. 2887; State ex rel. v. Stone, 111 Mo. App. 369; Steppacher, Arnold & Co. v. Sander, 74 Mo. App. 479. (2) The pretended mortgage (if unrecorded) is invalid, except as between parties. Sec. 2861, R. S. 1909. And this is so with or without notice. Wilson v. Mulligan, 75 Mo. 41; Martin Perrin Merchants Co. v. Perkins, 63 Mo. App. 315.

STATEMENT.—Action for the conversion of an automobile. The defendants had judgment before the trial court, sitting as a jury, and the plaintiff has appealed.

It appears from the evidence that on January 15, 1908, defendant Berry instituted his suit by attachment before a justice of the peace, against Dudley Shaw, and on January 30, 1908, caused an automobile to be levied upon and seized as his property. Thereafter the attachment was sustained in said suit and Berry had judgment upon the merits of the action and had execution thereon, and the automobile was duly levied upon and sold thereunder and defendant Goodstein bought at the sale. Plaintiff claims he was entitled to the automobile against defendants by virtue of an unrecorded chattel mortgage executed by R. M. Shaw as vendee of Dudley Shaw, while defendants claim that R. M. Shaw got no title and passed none to plaintiff, as against the creditors of Dudley Shaw, because there was no delivery or sufficient

change of possession accompanying or following the alleged sale from Dudley Shaw to R. M. Shaw. It is conceded that on May 10, 1907 the automobile was the property of Dudley Shaw and he was in possession of it. The evidence on behalf of plaintiff tended to show that on that day R. M. Shaw, the father of Dudley, purchased the automobile from him, and on January 13, 1908, two days before the attachment suit was instituted, executed a mortgage of it to plaintiff as security for a debt of R. M. Shaw. The mortgage has not been recorded nor has a copy been filed with the recorder of deeds, but after the seizure in attachment and before the sale under the execution these defendants were notified that Shaw had purchased the property and mortgaged the same to the plaintiff. There was evidence on behalf of the defendants tending to prove that neither the alleged sale from Dudley Shaw to R. M. Shaw nor the mortgage by R. M. Shaw to the plaintiff was accompanied or followed by any delivery or change of possession or control of the automobile, but that Dudley Shaw continued in possession and control of it and was still in such possession and control when the automobile was seized by attachment. On the other hand, plaintiff adduced evidence tending to prove a sufficient delivery and change of possession.

The court gave only one declaration of law, which was given at the instance of the plaintiff and was as follows:

"The court declares the law to be that every sale of personal property made by a vendor of goods in his possession or control, unless accompanied by delivery and followed by an actual and continued change of possession of the thing sold, shall be held to be fraudulent and void as against creditors of the vendor, and if you find from the evidence in this case that said property was not so delivered and actual and continued possession had by the vendee, and if

you further find that defendant John Berry, etc., was a creditor of the vendor at the time of the sale; your verdict will be for defendants.''

CAULFIELD, J. (after stating the facts).— Plaintiff contents himself on this appeal with an assertion that the judgment is against the law and the evidence. With this we are unable to agree. The case resolved itself into the single question whether the sale by Dudley Shaw, to plaintiff's mortgagor, was accompanied by such delivery and followed by such change of possession as would prevent it being held to be fraudulent and void as against the creditors of the vendor under section 2887, of the Revised Statutes 1909. The trial court correctly declared the law, and upon conflicting evidence found against the plaintiff on the fact. With nothing to indicate passion, partiality or prejudice on its part, we are concluded by its finding. [Huggins Cracker & Candy Co. v. Ellis & Co., 45 Mo. App. 585.] It is immaterial that the attaching creditor had notice of the alleged sale. [Gilbert Book Co. v. Sheridan, 114 Mo. App. 332, 89 S. W. 555.] Nor does it render the sale any the less fraudulent and void as against creditors of the vendor that the vendee has undertaken to secretly mortgage the property without any delivery or change of possession being had from the original vendor. The purpose of the statute is to prevent secret dispositions of property by an owner, which may be used to screen his means from legal process in behalf of creditors. [Grand Avenue Bank v. St. Louis Union Trust Co., 135 Mo. App. 366, 115 S. W. 1071.] If the necessity for delivery and change of possession could be dispensed with by the vendee making a secret conveyance or mortgage, the statute would be nugatory and might be eluded at any time with impunity. [Lesem et al. v. Herriford, et al., 44 Mo. 323.] The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.