SAMUEL J. LESEM *et al.*, Appellants, *v.* HERRIFORD & LOWRY; R. J. HOLLY, Interpleader, etc., Respondent.

1. *Fraudulent conveyances — Statute concerning — Sale — Change of possession, what constitutes — Clerk — Vendee of vendee.* — Under section 10, ch. 67, R. C. 1855 (*vide* also, Gen. Stat. 1865, p. 440, ? 10), the vendee must take the actual possession; and the possession must be open, notorious, and unequivocal, such as to apprise the commmunity, or those who are accustomed to deal with the vendor, that the goods have changed hands, and that the title has passed out of the seller into the purchaser. (Claflin v. Rosenberg, 42 Mo. 439.) Otherwise, the sale will be presumed fraudulent and void; and this notwithstanding that the vendor remained in charge as clerk or agent of the vendee. And it is immaterial that the claimant of goods attached, purchased them of the vendee of defendant in the suit. The last vendee stands in no better condition than the intermediate purchaser unless he has taken and continued in the actual possession of the purchased goods.

*Appeal from Fourth District Court.*

*Burgess & Hall*, for appellants.

The property having been in Herriford & Lowry, a sale by them is fraudulent unless there was an actual change of possession. A mere constructive change of possession is not sufficient. (4 Hill. 297; 2 Hill. 629; 3 Sandf. 69–73; 42 Mo. 439.)

*G. W. Easley*, for respondent.

I. Section 10, chapter 67, R. C. 1855, only applies where the immediate vendor remains in possession after the sale.

II. Had Herriford been respondent's immediate vendee, this instruction would have been proper. Herriford might remain in charge of the goods after sale, as clerk of the vendee.

WAGNER, Judge, delivered the opinion of the court.

Plaintiffs instituted their suit by attachment, in the Linn County Circuit Court, against Herriford & Lowry, and caused a saloon and its contents to be levied upon and seized as their property. The respondent, Holly, filed an interplea, and claimed the property as his own. On the trial evidence was given tending to show that Holly had purchased the property from Harlow and Cantwell,

and that they had purchased it from Herriford, and that Herriford continued in possession, and was still in possession when the goods were seized by attachment.

The court, at the request of the respondent, gave the following instruction: "6. Although the jury may believe from the evidence that Herriford may have remained in charge of the goods purchased by Holly of Cantwell and Harlow, after the sale from Cantwell and Harlow to Holly, yet if the jury further believe from the evidence that Herriford was in charge of the goods as the clerk, agent, or employee of Holly, then the jury are instructed that the property, being found with Herriford, was the possession of Holly, and was no evidence of fraud."

The jury found a verdict for the respondent, upon which judgment was duly rendered. This judgment was affirmed in the District Court, and the plaintiffs have brought the case here by appeal.

The action was commenced whilst the statute of 1855 was in force, and is governed by its provisions. By the tenth section of the act in relation to fraudulent conveyances, as contained in that statute, every sale made by a vendor of goods and chattels in his possession or under his control, unless the same was accompanied by delivery in a reasonable time, and followed by an actual and continued change of possession of the thing sold, was presumed to be fraudulent and void as against creditors and subsequent purchasers in good faith, and was conclusive evidence, unless it was made to appear to the jury that the sale was in good faith and without any intention to defraud. The only difference between the provisions in the statutes of 1855 and those of 1865 is that in the former, if the sale was not accompanied with an actual change of possession, the sale was deemed presumptively fraudulent, though this presumption might be rebutted by proof of the fairness and honesty of the transaction. In the latter, where there is no actual change of possession, the rule of evidence is changed, and fraud is conclusively presumed. In Claflin v. Rosenberg (42 Mo. 439) we had occasion to examine the subject, and we there held that the vendee must take the actual possession; and the possession must be open, notorious, and unequivocal,

such as to apprise the community, or those who are accustomed to deal with the party, that the goods have changed hands, and that the title has passed out of the seller and into the purchaser. Any other construction would render the statute senseless and meaningless, and virtually defeat the object which induced its enactment. In this particular the statutes of 1855 and 1865 are the same. Both require actual and continued change of possession as distinguished from mere constructive change of possession—such a change as to preclude the hazard of the seller deriving a false credit from the continuance of his apparent ownership. The tenth section in the act of 1855 was a literal transcript from the New York statute, and the construction put upon it by the courts in that State was that an actual change of possession of goods sold meant an open, visible, and public change, manifested by such outward signs as rendered it evident that the possession of its owner, as such, had wholly ceased. (Randall v. Parker, 3 Sandf. 69.) In the instruction above copied the court ignores entirely the whole question of fraud presumptively arising out of continued possession, and assumes that there can be no fraud if the property has passed through the hands of an intermediate purchaser, although there have been no visible or outward appearances of change, and the original vendor has all the time retained and continued in possession. Should this doctrine prevail, the statute would be nugatory, and might be eluded at any time with impunity.

The last vendee stands in no better condition than his vendor, the intermediate purchaser, and the sale to both will be adjudged fraudulent unless they have taken and continued in the actual possession of the purchased goods. It will not do to hold that a person may sell a stock of goods to another party and continue in the actual possession and apparent ownership of the same, and that that party may sell to a third, who continues the original seller in possession, without any actual change being made, and then say that the transaction is outside of the statute, and that the original seller's possession is the possession of the intermediate party. Parties can not agree that the seller should remain in possession and call it the possession of the purchaser. Actual

change imports something more than a legal or fictitious change. It is not doubted that a person purchasing goods may employ his seller to act as his agent or clerk; but, before he ventures on this step, he must apprise the community, by some open, visible, outward means, that there has been an actual change in the possession of the property, and show the character in which the seller is employed.

I think the instruction is erroneous, and should not have been given. Some other questions have been presented to the court, but the above is the only material error I find in the record.

Reversed and remanded. The other judges concur.