STERN *et al., Appellants,* v. HENLEY.

**Fraudulent Conveyances:** CHANGE OF POSSESSION. A merchant tailor having sold his stock of goods to a journeyman employed in his shop, absented himself from the county for a few days, during which time the goods were attached as his property.   The purchaser was left in possession, but no notice was given of the sale, and no one knew of it but the parties and the attorney who drew the bill of sale.   The same sign remained up over the door of the shop, and the same business advertisement was continued in the local paper. *Held,* that there was no such open, visible and unequivocal change of possession as would apprise the community, or those accustomed to deal with the vendor, that the goods had changed hands, and that the sale was, therefore, void under the statute relating to fraudulent conveyances.   (Following *Wright v. McCormick,* 67 Mo. 426, and other cases.)

*Appeal from Jasper Court of Common Pleas.*—HON. E. D. BROWN, Judge.

*Waters & Winslow* and *L. P. Cunningham* for appellants.

*W. H. Phelps* for respondents.

HOUGH, J.—This was a suit by attachment, brought against the defendant P. W. Henley, on the 15th day of December, 1875, for goods sold and delivered by the plaintiffs to said defendant.   The defendant Thomas Henley, filed an interplea claiming the goods seized under the attachment by virtue of a purchase thereof from P. W. Henley, the defendant, on the 3rd day of December, 1875. A verdict was rendered in favor of the interpleader, and

judgment entered thereon, from which plaintiffs have appealed. P. W. Henley was a merchant tailor, doing business in the town of Carthage, and Thomas Henley, who was his brother, worked in his shop as a journeyman tailor. From the day of the sale to his brother, to the day of the attachment, the defendant P. W. Henley, was absent in an adjoining county; but there was no such open, visible and unequivocal change of possession as would apprise the community, or those accustomed to deal with P. W. Henley, that the goods had changed hands, and that the title had passed from him to his brother, Thomas Henley. Neither the owner of the building in which the defendant did business, nor any one else, save the attorney under whose direction the sale was conducted, was notified thereof. The same sign, "P. W. Henley, Merchant Tailor," remained up, and his advertisement as merchant tailor was continued in the local paper, unchanged. These facts are undisputed. Thomas Henley, himself, testified to them. The trial court should have declared, as a matter of law, that there was no such actual change of the possession of the goods sold, as is required by the statute relating to fraudulent conveyances. *Claflin v. Rosenberg*, 42 Mo. 439; *Lesem v. Herriford*, 44 Mo. 323; *Bishop v. O' Connell*, 56 Mo. 158; *Wright v. McCormick*, 67 Mo. 426. There was no testimony to support the verdict, and the judgment will be reversed and the cause remanded. All concur.

REVERSED.