WILLIAM C. FARRAR, Trustee, Respondent, v. THE LEVISON & BLYTHE STATIONERY COMPANY *et al.*, Appellants.

St. Louis Court of Appeals, December 18, 1888.

**Personal Property**: SALE : CHANGE OF POSSESSION. Upon the sale and transfer of merchandise and printing-presses contained in a printing-office, where there was no outward business sign, except the words "Printing Office" over the door, and the vendee took immediate actual possession, stamped his own name over that of the vendors on the bill-heads and letter-heads, sent out in his own name circular letters to the trade and to the defendant, inviting bids for the property in bulk and published at the same time in a daily newspaper an advertisement to the same effect, these facts shown in evidence were sufficient, under section 2505, Revised Statutes, to support a verdict in replevin for the vendee, against the defendant, who had seized the property under attachment after the sale.

*Appeal from the St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

AFFIRMED.

*Krum & Jonas*, for the appellants.

. The undisputed facts, developed by the evidence, show that there was no such change of possession as is required by the statute. *Claflin v. Rosenberg*, 42 Mo. 439; R. S., sec. 2505; *Wright v. McCormick*, 67 Mo. 426; *Burgert v. Borchert*, 59 Mo. 80; *Bishop v. O'Connel*, 56 Mo. 158; *Stern v. Henley*, 68 Mo. 262. It follows, therefore, that the instructions given at the instance of the respondent were ᵛ erroneous. The jury ought to have been instructed to find for the appellants.

*Edmond A. B. Garesché*, for the respondent.

The facts developed by the evidence show that there was such change of possession as is required by the statute. *Farrar v. Snyder*, 34 Mo. App. 93; *Leeser v. Boekhoff, ante*, p. 223; *Claflin v. Rosenberg*, 42 Mo. 439.

ROMBAUER, P. J., delivered the opinion of the court.

Bailey & Sage, printers and merchants, being financially embarrassed and having made an ineffectual effort to settle with their creditors, made a bill of sale of their merchandise and certain printing-presses to the plaintiff as trustee for Mrs. McKee. They were at the time indebted to Mrs. McKee in a sum exceeding in amount the market value of the property transferred. The plaintiff, upon taking possession of the property, put one Anderson, the then bookkeeper of Bailey & Sage, in charge, and Anderson, Bailey & Sage remained

in the store, apparently in the same position as theretofore, so far as outward appearances were concerned, although in point of fact the plaintiff and Anderson had exclusive control. The only outward sign on the store was one containing the words "Printing Office." This sign was not changed. There was no invoice taken, but it appeared that Anderson was familiar with the stock and knew that the bill of sale included all of it. Immediately after plaintiff took possession, he caused the bill-heads and letter-heads used in the business to be changed by stamping the words Wm. C. Farrar, trustee, across the names Bailey & Sage. He also sent out circular letters at once to the trade in his own name inviting bids for the property in bulk and inserted an advertisement to the same effect in a daily newspaper. One of these circular letters was sent to the defendants, who in response did make a bid for some of the printing-presses included in the bill of sale, being in part the same presses subsequently seized by them upon the attachment hereinafter referred to. The defendants, creditors of Bailey & Sage, sued out a writ of attachment against them and caused it to be levied on these printing-presses. The plaintiff thereupon brought this action of replevin for the recovery of the property, and upon its trial recovered a judgment from which the present appeal is prosecuted.

The facts hereinabove stated appeared by plaintiff's evidence on the trial, and were all the facts shown bearing on the question of change of possession.

The only error assigned is that the undisputed facts developed by the evidence show that there was no such change of possession as is required by Revised Statutes, section 2505. No claim is made that the sale to Mrs. McKee's trustee was fraudulent in fact as against the vendors' creditors, so far as Mrs. McKee is concerned. The transfer to her trustee was apparently made in pursuance of a previous understanding that the loan made

by her should be secured, and in the event of the vendors' inability to go on in the business, she should be preferred. Hence the transaction was not illegal if the sale was accompanied by such change of possession as our statute demands.

In *Claflin v. Rosenberg*, 42 Mo. 439, the facts indicating any change of possession were almost identical with those of the present case. A demurrer to the evidence was interposed by instruction, and was refused. The supreme court held that it was properly refused, since there was some evidence to prove the issue, and such instruction is warranted only when the failure of proof is total. It will be noticed that notwithstanding the very emphatic language used by Judge WAGNER in that case as to the character of the possession required by the statute, the judgment of the trial court in favor of the vendee was affirmed upon the second appeal. *Claflin v. Rosenberg*, 43 Mo. 593.

In *Wright v. McCormack*, 67 Mo. 426, the change of possession was declared insufficient to satisfy the statute, as a matter of law, but it will be noticed that in that case the remaining sign bore the vendor's name, and there was no fact whatever shown which would indicate to the outward world that a change had taken place in the conduct of the business. As was said in *Lesem v. Herriford*, 44 Mo. 325, there was no such change as to preclude the hazard of the seller deriving a false credit from the continuance of his apparent ownership.

In the case at bar the sign, though continued, could mislead no one. The place was a "Printing Office" whether Bailey & Sage or plaintiff owned it. The trading public were at once advised by circulars of the change of ownership, and there is no pretense that the vendors could have derived a false credit from the continuance of an apparent ownership, when the trading public and the defendant were at once advised that such ownership had ceased.

We have discussed this subject fully at the present term in *Leeser v. Boekhoff, ante*, p. 2 23, reaching the conclusion herein indicated to which we refer in fuller explanation of our views.

In the case at bar no instructi on was asked requesting the court to withdraw the case from the jury. Had the defendant asked such an instruction the court would have been bound to refuse it. As no complaint is made in other respects of the action of the trial court except its refusal to vacate the verdict as not supported by evidence, and as that complaint is not well founded, the judgment will be affirmed. All concur.