THE STATE *ex rel.* BAUMUNK, *Appellant,* v. GOETZ *et al.*

Division Two, December 17, 1895.

131 675
74a 574

131 675
88a 57

131 675
91a 423

131 675
93a ³229

1. **Practice:** .PRIMA FACIE CASE: DEMURRER TO EVIDENCE. Where the evidence shows a *prima facie* right of recovery on the part of plaintiff the case should be submitted to the jury; otherwise, a demurrer to the evidence should be sustained.

2. ——: ANSWER. Objections to the sufficiency of an answer should be first made in the trial court.

3. **Fraudulent Conveyance:** CHANGE OF POSSESSION: ATTACHMENT. An insolvent debtor sold to relator his personal effects used in his business, and which were susceptible of early removal. The debtor retained possession of them two days after the sale, and was apparently carrying on business as before, with the same sign, until the property was seized under defendant's attachment. *Held,* that such sale was fraudulent as a matter of law as to creditors of the vendor.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Henry Boemler* for appellant.

(1) In reviewing a demurrer to evidence, plaintiff should have the benefit of the most favorable view of his case that the evidence warrants, and every reasonable inference therefrom. *Larson v. Railroad,* 110 Mo. 238; *Alcorn v. Railroad,* 108 Mo. 81; *Buch v. Railroad,* 108 Mo. 179. (2) And where the petition is sufficient, and the evidence tends to prove its averments, a case is made for the jury. *Burger v. Railroad,* 112 Mo. 238; *Gutridge v. Railroad,* 105 Mo. 520. (3) Or where the plaintiff's evidence shows a *prima facie* right of recovery it is error to sustain a demurrer to the evidence. *Finch v. Ullman,* 105 Mo. 255. (4) If the defendant desired to show that the sale of the property and the bill of sale in question was in fraud of creditors of Kraemer, and that the plaintiff was in fact a party to the fraud in obtaining them, it was the duty of the defendant by an appropriate answer to state these facts, and advise the plaintiff of the defense on which they expected to rely. The present answer, a general denial, is not sufficient for that purpose either at common law or under the code, and the trial court should have so held. *Clough v. Holden,* 115 Mo. 353; *Hester v. Sammelmann,* 101 Mo. 619; *Reed v. Bott,* 100 Mo. 62; *Smith v. Sims,* 77 Mo. 269; Bliss on Code Pleading, sec. 339; *Edgell v. Sigersol,* 20 Mo. 494; *Smalley v. Hale,* 37 Mo. 102; *Fox v. Webster,* 46 Mo. 181; *Williams v. Railroad,* 112 Mo. 496; *Mateer v. Railroad,* 105 Mo. 332; *Shaw v. Manchester,* 84 Iowa, 246. (5) The court clearly erred in refusing to permit the jury to pass upon the question of the fact as to a fraudulent conveyance of the property of Kraemer to relator for the purpose of hindering and delaying his creditors. *Church v. Railroad,* 119 Mo. 203; *Roddy v.*

*Railroad*, 104 Mo. 251; *Fink v. Insurance Co.*, 82 Mo. 276; *Hartwig v. Hamilton*, 121 Mo. 474; *State to use v. Mason*, 112 Mo. 374; *Maguire v. James*, 143 Pa. 521; *Zeigler v. Hendrick*, 106 Pa. 87; *Scott v. Alford*, 53 Texas, 92; *Baldwin v. Put*, 22 Texas, 708. (6) Fraud in a sale can never be established by proof that the purchaser had reason to know, or believe, that the seller intended to defraud his creditors. *State ex rel. v. Mason*, 112 Mo. 374; *Van Raalte v. Harrington*, 101 Mo. 602; *Carroll v. Haywood*, 124 Mass. 120. (7) A debtor, though unable to pay all of his creditors, may pay one or more to the exclusion of others, either in money or in the transfer of property, and the favored creditor may accept such preference. *Sexton v. Anderson*, 95 Mo. 379; *Albert v. Besel*, 88 Mo. 150; *Shelly v. Booth*, 73 Mo. 74; *National Tube Works v. Machine Co.*, 118 Mo. 365; *Larrabee v. Bank*, 114 Mo. 601; *Foster v. Planing Mill Co.*, 92 Mo. 79; *Shelly v. Booth*, 73 Mo. 74; *Daugherty v. Cooper*, 77 Mo. 528; *Alberger v. White*, 117 Mo. 363; *Riley v. Vaughan*, 116 Mo. 176; *Harte v. Leete*, 104 Mo. 338; *Frank v. King*, 121 Ill. 250; *State v. Mason*, 112 Mo. 374. (8) Under the statute the title may pass if the sale is accompanied by a delivery in a reasonable time. The sale and delivery need not be contemporaneous, although a sale in good faith may not have been accompanied with a delivery; it is valid until the expiration of a reasonable time for such delivery. *Boot and Shoe Co. v. Bain*, 46 Mo. 581; *Clark v. Cox*, 118 Mo. 652.

*Fisse & Kortjohn* for respondents.

(1) Where the cause of action alleged never existed, the appropriate defense under the law is a denial of the allegations of the petition. *Springer v. Kleinsorge*, 83 Mo. 152; *Young v. Glasscock*, 79 Mo. 574;

*Greenway v. James*, 34 Mo. 326.   (2) Where the uncontroverted evidence so clearly proves the issue that there is really no question in respect to it to be submitted to the jury, there the question may be treated as one of law and passed upon by the court without any encroachment on the province of the jury.   *Wright v. McCormick*, 67 Mo. 426; *State v. Hall*, 45 Mo. App. 298; *Stern v. Henley*, 68 Mo. 262; *Stuart v. Nelson*, 79 Mo. 524.

BURGESS, J.—On July 25, 1893, and for some time prior thereto, one Michael Kraemer was engaged in the business of constructing cement and granitoid sidewalks in the city of St. Louis. He then owned and had in his possession and employed in his business, a number of wagons, buggies, horses, harness, and a variety of tools necessary for its operation, as well also as cement, granitoid, and sand. In front of his place of business there was a sign, "German Cement Company."

· On the afternoon of the twenty-seventh day of July, 1893, the sheriff of the city of St. Louis, under writ of attachment sued out in aid of an action on a note brought by the defendant Charles W. Goetz against the said Michael Kraemer, levied upon and seized the said personal property. On the twenty-ninth day of July, George P. Baumunk, the relator herein, claimed the said property as his own, and thereafter, on the same day, the defendant Charles W. Goetz and his codefendants executed an indemnity bond and delivered the same to the sheriff of the city of St. Louis, and thereafter the said property was sold by the sheriff under an order of sale made by one of the judges of the circuit court of the city of St. Louis.

This action is prosecuted by relator as the owner of the property on the indemnifying bond, he claiming

to have purchased the property from Kraemer on the twenty-fifth day of July, 1893.

The petition contains the usual averments in such cases, alleging ownership of the property at the time of its seizure and sale by the sheriff under the writ of attachment, its value, etc. Defendants in their answer denied each and every allegation in the petition.

At the conclusion of the evidence on the part of plaintiff, defendants interposed a demurrer thereto, which was sustained by the court and judgment rendered for defendants. Plaintiff appealed.

We think it well settled in this state, that in case plaintiff's evidence shows that he is *prima facie* entitled to recover, he is entitled to have his case go to the jury, and that under such circumstances it is error to sustain a demurrer to the evidence; but on the other hand it is equally as well settled, that if the evidence fails to show him *prima facie* entitled to recover, and a demurrer thereto is interposed by defendant, it should be sustained. As to the evidence in this case we shall have something to say later on.

Relator insists that if defendants desired to show that the sale of the property and the bill of sale thereto from Kraemer to him was fraudulent as to the latter's (Kraemer's) creditors, and that he, relator, was a party to the fraud, it was the duty of defendants to have set up those facts by answer, and that the trial court should have so held. Even if this position be correct (which we by no means concede), the position in this case is untenable, for the very obvious reason that the court was given no opportunity to pass upon that question, and did not, in fact, pass upon it. No evidence was offered by defendants, and no point is made on any evidence elicited by them from plaintiff's witnesses on cross-examination. There was no action of the trial court to which any objection was made and

exception saved which is urged before this court, and
therefore nothing to be passed upon, with respect to
the sufficiency of the answer. It was good until declared
otherwise by the court.

The question then recurs as to whether the evi-
dence showed the sale to be fraudulent as to the creditors
of Kraemer. There is no question as to his indebted-
ness and insolvency at the time relator claims to have
purchased the property, but it is insisted by him that
he was a *bona fide* purchaser and that under section
5178, Revised Statutes, 1889, he was entitled to a rea-
sonable time after his purchase within which to take
possession of the property, its nature and condition
being considered, which was a question that should
have been submitted to the jury, under proper instruc-
tions.

What is "reasonable time," is a question of fact
when the evidence is conflicting as to the character and
condition of the property, and the length of time nec-
essary for its delivery, and it is only where the facts
are undisputed, and the evidence substantially all one
way, that it becomes a question of law. The undisputed
evidence in this case is that Kraemer remained in pos-
session of the property for two days after the sale to
plaintiff before it was seized by the sheriff under the
attachment, and that the same sign was kept up as
before, although the property was of such a character
that but a very short space of time would have been
necessary for its delivery and such a change of posses-
sion as contemplated by the statute.

In such circumstances it has been held that actual
possession of the property must not only be taken
within a reasonable time after the sale, but that the
change when taken must be continuous, open, and noto-
rious. *Claflin v. Rosenberg*, 42 Mo. 439; *Burgert v.*

*Borchert,* 59 Mo. 80; *Lesem v. Herriford,* 44 Mo. 323; *Stern v. Henley,* 68 Mo. 263.

In *Wright v. McCormick,* 67 Mo. 426, it was held that when it is shown from the undisputed facts in proof that the change of possession is not in compliance with the mandates of the statute, it should be declared fraudulent by the court as a matter of law. That case was followed and approved in *Stewart v. Bergstrom,* 79 Mo. 524.

There was no such change of possession of the property in this case as required by statute and the court correctly held the sale to be fraudulent as a matter of law. Finding no reversible error in the record the judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.