SHERWOOD v. GRAND AVENUE RAILWAY COMPANY,
*Appellant.*

Division Two, February 4, 1896.

1. **Constitution**: SELECTION OF JURORS: STATUTE. The decision in *Dunne v. Railroad*, 131 Mo. 1, holding constitutional the act of the legislature approved April 1, 1891, providing a method for the selection of jurors in counties of a specified population different from the general jury law, followed and affirmed.

2. **Negligence**: INSTRUCTION: CONTRIBUTORY NEGLIGENCE. An instruction, in an action for damages claimed to have been caused by defendant's negligence, that on the issue of contributory negligence raised by defendant's answer the burden of proof is on defendant and that by the term "burden of proof" is meant the greater weight of the credible testimony in the case is not open to the objection of referring the jury to the pleadings to ascertain the issues.

3. ———: ———: ———. An instruction on the burden of proof on the question of contributory negligence is not objectionable on the ground of not setting forth the facts necessary, under the pleadings and evidence, to constitute such negligence, where there is no evidence of such negligence.

4. ———: ———: ———. Where, in an action for damages founded on defendant's negligence, there are any acts or omissions of plaintiff constituting contributory negligence and defendant desires that they be set forth in an instruction, he should ask for one embracing them.

5. ———: ———: ———: DAMAGES. Where the damages are not excessive the judgment will not be reversed because of error in the instructions as to the elements constituting the measure of damages.

6. ———: ———: ———: ———. It is not error to refuse an instruction informing the jury that it is not proper to arrive at the damages by taking the average of the amounts the jurors believe should be recovered, Revised Statutes, 1889, section 2188, merely making it the duty of the court to instruct "on any point of law arising in the case."

*Appeal from Jackson Circuit Court.*—Hon. J. H. Slover, Judge.

Affirmed.

*Karnes, Holmes & Krauthoff* for appellant.

(1) The circuit court erred in refusing to quash the panel of jurors which tried the case. (2) In the third instruction for the plaintiff the court instructed the jury "that upon the issue of contributory negligence of plaintiff raised by defendant's answer, the burden of proof is upon defendant." The giving of this instruction was error. It referred the jury to the pleadings to ascertain the issue of contributory negligence. "The instructions refer the jury to the indictment to find what they must determine in order to convict. This is error. It is the duty of the court, in plain and concise language, to define the offense accurately and tell the jury the essential facts necessary to be found to authorize a conviction." *State v. McCaskey,* 104 Mo. 644; *Dassler v. Wisley,* 32 Mo. 498; *McGinniss v. Railroad,* 21 Mo. App. 399; *Butcher v. Death,* 15 Mo. 271; *Grant v. Railroad,* 25 Mo. App. 227. (3) The third instruction for the plaintiff should have told the jury what acts on the part of plaintiff would constitute contributory negligence. *Moore v. Railroad,* 29 S. W. Rep. 9; *Yarnell v. Railroad,* 75 Mo. 575; *Goodwin v. Railroad,* 75 Mo. 73. (4) The phrase "issue of contributory negligence" used in plaintiff's third instruction is technical in its nature, and its meaning should have been defined by the court. *Hickey v. Ryan,* 15 Mo. 62; *Anderson v. McPike,* 86 Mo. 293. (5) The instruction on the measure of damages is erroneous. It is the duty of a trial court in an action for personal injuries to tell the jury what

elements enter into the measure of, damages and then limit the jury to such elements. *Hawes v. Stock Yards Co.*, 103 Mo. 66; *Stephens v. Railroad*, 96 Mo. 207; *Stewart v. City of Clinton*, 79 Mo. 603.

*Warner, Dean, Gibson & McLeod* for respondent.

(1) The jurors were rightly summoned. (2) The instructions asked for by the plaintiff relating to contributory negligence are without error. It is the unquestioned law of this state that contributory negligence is strictly an affirmative defense and in order to avail a defendant, as a matter of pleading, it must be affirmatively pleaded. *O'Connor v. Railroad*, 94 Mo. 155; *Donovan v. Railroad*, 89 Mo. 147; *Schlereth v. Railroad*, 96 Mo. 509. (3) The instruction in this case is almost an exact copy of an instruction which passed unchallenged in *Furnish v. Railroad*, 102 Mo. 438. See, also, *Noble v. Blount*, 77 Mo. 239; *Blewett v. Railroad*, 72 Mo. 583.

BURGESS, J.—This is an action to recover damages for injuries sustained by plaintiff, who was a passenger on one of defendant's cars, alleged to have been occasioned by the negligence of defendant's servants in charge of the car, who, after having stopped it for plaintiff to alight, and while she was in the act of doing so, without giving her time to alight, suddenly started it, throwing her against the car and injuring her. The defenses were general denial and contributory negligence. Plaintiff recovered a verdict for $4,500. Defendant appealed.

Plaintiff was a passenger on one of defendant's cars going south on Prospect avenue, Kansas City, Mo. At Twenty-third street, the car was stopped to permit her to alight, and while in the act of alighting it was

suddenly started forward, and by reason thereof she fell or was thrown against the end of the rear platform of the car on which she was then standing, sustaining severe injuries to her back and spine. She did not fall to the ground, but was caught by some persons present and assisted to a grocery store near by and from that place she was taken home. The car was going up grade at the time.

The defendant's evidence tends to show that the car was standing still at the time plaintiff alighted, and that her injuries, if any, were occasioned by stepping upon the dress of a lady in front of her when she was alighting, thus causing her to come in contact with the street in such a way as to produce whatever injury she may have sustained.

At the request of plaintiff the court gave five instructions, two of which it is insisted by defendant are erroneous and should not have been given. They are as follows:

"3. The court instructs the jury that upon the issue of contributory negligence of plaintiff raised by defendants' answer the burden of proof is upon defendant; and by the terms 'burden of proof' is meant the greater weight of the credible testimony in the case."

"5. If the jury find for plaintiff they will assess her damages at such sum as they believe from the evidence will compensate her for her injuries, if any, inflicted by defendant, including all bodily pain and mental anguish, if any, they believe from the evidence she has suffered and will suffer, and any permanent injury, if any, they believe from the evidence she has sustained, and the reasonable value of medical services, if any, incurred by plaintiff, but not exceeding $300, the amount claimed in the petition. And it will be proper for the jury to consider the effect of the injury, if any, upon plaintiff's health in the future, if they

believe from the evidence her future health will be affected by the injury and all damages present and future, which they believe from the the evidence are and will be the direct result of the injuries complained of altogether not exceeding $25,000.''

Defendant asked twelve instructions, ten of which were given and two refused.

1.   Defendant filed a motion to quash the panel of jurors summoned to try this case, which was overruled by the court, and in this it is insisted that error was committed.   The jury were selected in accordance with an act of the legislature providing for the selection of jurors in certain counties, which was approved, April 1, 1891, and it is insisted that said act is unconstitutional.   This precise question was before this court in the recent case of *Dunne v. Cable R'y Co.*, 131 Mo. 1, and it was there held, adversely to the contention of defendant, that the law is constitutional.   It is not thought necessary to add anything to what is said in that case, as we are entirely satisfied with the views therein expressed, and think defendant's contention fully answered by what is said in that decision.

2.   Plaintiff's third instruction is criticised in that it tells the jury ''that upon the issue of contributory negligence of plaintiff raised by defendant's answer, the burden of proof is upon defendant.''   It is argued that this instruction refers the jury to the pleadings to ascertain the issue of contributory negligence.

While the jury should not be referred to the pleadings in the cause to ascertain the issues which they are to pass upon we do not think that such was the effect of that instruction.   It has been held that an instruction in a prosecution for felony which contained the following words, ''as charged in the indictment,'' ''as mentioned in the indictment,'' does not refer the jury

to the indictment, to ascertain what the charges are, and is not prejudicial. *State v. Scott*, 109 Mo. 226. Again, in *Britton v. St. Louis*, 120 Mo. 437, it was held an instruction, that if the excavation "mentioned in plaintiff's petition" was made by defendant contractor by permission of the city and was made in the alley, "in the petition mentioned," was not open to the objection that it referred the jury to the petition to ascertain the issues which they were to pass upon. See, also, *State v. David*, 131 Mo. 380; *Edlemann v. Transfer Co.*, 3 Mo. App. 503; *Corrister v. Railroad*, 25 Mo. App. 619.

The instruction in this case does not refer the jury to the answer to ascertain the issues involved, but simply tells them that the burden of proof rests upon defendant to establish such issue. It is impossible to see how defendant could have been prejudiced or the jury misled by the instruction. There was no evidence adduced on the part of defendant tending in the remotest degree to show that plaintiff was guilty of any negligence which contributed to her injury. It was either a case of negligence by defendant in starting the car forward before plaintiff had a reasonable length of time to get off after it had stopped to let her off, thereby causing the injury, or it was an accident for which it is not liable.

It is also insisted that this instruction should have told the jury what acts on the part of plaintiff would constitute contributory negligence. Where the trial court undertakes to instruct upon the theory of contributory negligence it has been held that it should set forth the facts necessary under the pleadings and evidence to constitute such negligence (*Yarnall v. Railroad*, 75 Mo. 575; *Gurley v. Railroad*, 93 Mo. 445; *Goodwin v. Railroad*, 75 Mo. 73; *Moore v. Railroad*, 126 Mo. 265); but, as has been said, in this case there

was no evidence upon which to predicate such an instruction.

III. Plaintiff's instruction with respect to the measure of damages is also assailed, on the ground that it is too general and does not tell the jury what elements enter into the measure of damages, and then limit them in making their verdict to such elements. On the contrary, it tells them if they find for plaintiff it will be proper for them to consider, "all damages present and future which they believe from the evidence are and will be the direct result of the injuries complained of." This criticism is not without merit.

The instruction laid down no rule for the guidance of the jury in passing on the damages to which plaintiff was entitled in the event their finding should be for her, but left that matter entirely at their will and pleasure to consider whatever might seem proper, however remote, regardless of the rules of law, by which the elements of damages are prescribed in such cases. Similar instructions have frequently met with the disapproval of this court. *Hawes v. Stock Yards Co.*, 103 Mo. 66; *Stephens v. Railroad*, 96 Mo. 207; *Stewart v. Clinton*, 79 Mo. 603; *McGowan v. Ore and Steel Co.*, 109 Mo. 518.

But it seems to us that the judgment ought not to be reversed on account of that instruction under the circumstances disclosed by the record in this case. The judgment is clearly for the right party. There was no act of negligence on the part of plaintiff contributing to her injury. She was at the time of the injury thirty-eight years of age, a healthy, active, energetic woman, engaged in business which she was compelled to give up in consequence of her injury; has never been free from pain since hurt, and moves about with a cane. She testified at the trial that she had been unable to do anything; that she was almost par-

alyzed and could not lie down, because when she did, she became so rigid that she could not move herself, and that she had not had a night's rest since she was hurt; that she could not raise her feet without great effort; that her limbs were cold, and that she had no feeling in them.

Dr. Foster, her attending physician, testified to finding bruises on and along the small of her back recently after the accident; that she grew worse thereafter, more helpless and more paralytic. He further testified as follows: "She has more or less loss of sensation and there is a great deal of loss of power; that is, inability to move the lower limbs. She can not walk steadily. She can not straighten up and walk; one leg drags more than the other. One limb is colder than the other to the feel, and one is much less sensitive than the other. Then another evidence of paralysis is in the action of the sphincter muscle to the bowels and bladder. She has no control over the urine, and has not had for quite awhile. Now she is constipated continually. I think she had dysmenorrhea, or flowing, for some three months after the injury." He also stated that her injuries were permanent, and the indications were that they would continue to grow worse.

Under the circumstances as shown by the record, the damages were not excessive and we do not feel inclined to reverse the judgment on account of this instruction, although we do not approve it. As it was said in *Noble v. Blount*, 77 Mo. 239: "For it must alike result from the positive provisions of our practice act, as from that spirit of conservatism in our courts that would not sacrifice the ends of justice upon the sharp edge of technicality, that although some one out of a number of instructions given may be faulty, yet where the conclusion reached by the jury is mani-

festly right, and a different result could not have been reached by them without injustice, the verdict ought not on this account to be disturbed." R. S., sec. 2303, *supra*; also sec. 2100; *Haehl v. Railroad*, 119 Mo. *loc. cit.* 344; *Fox v. Windes*, 127 Mo. 502; *Macfarland v. Heim*, 127 Mo. 327.

4. A final contention is that the court committed error in refusing the second instruction asked by defendant which is as follows:

"2. The court instructs the jury that in arriving at a verdict it is illegal and improper to agree among yourselves that each juror shall-state whether he is for plaintiff or for defendant, and if for plaintiff, how much he believes she ought to recover, with the understanding that such amounts, if any, shall be added together, and the sum divided by the number of jurors, and that the result thus obtained shall be your verdict, or to arrive at a verdict in any other similar manner."

The statute (sec. 2188, R. S. 1889) makes it the duty of the trial court to instruct the jury in writing when asked to do so by either party on any point of law arising in the case, or it may do so of its own motion, but it is only with respect to points of law arising in the case that it is necessary that instructions should be given. The instruction under consideration presents no point of law nor does it in any manner refer to the issues involved, but is simply an instruction to the jury with respect to the manner of arriving at their verdict, advising them as to what would be proper, and what would be otherwise. It had no place in the case, and was properly refused. While we do not say that it would have been reversible error if it had been given, we do say that there was no error in refusing it.

From these considerations it follows that the judgment must be affirmed. It is so ordered. GANTT, P. J., and SHERWOOD, J., concur.