## In re OZARK COOPERAGE & LUMBER CO.

(Circuit Court of Appeals, Eighth Circuit.   May 3, 1910.)

### No. 100.

BANKRUPTCY (§ 184*)—SALE OF PROPERTY BY BANKRUPT—VALIDITY—SUFFICIENCY OF DELIVERY.

Petitioner contracted in advance for the purchase of the lumber sawed at bankrupt's mill at stated prices for the different grades, The contract provided that as sawed the lumber should be piled in a specified manner: that twice each month petitioner should have the new piles estimated and should then make a payment thereon of $10 per thousand, and have each pile numbered and branded with its initials "O. C. & L. Co.," and that such acts should constitute a full delivery of the same. *Held* that, considering the nature of the property, such delivery was sufficient under Rev. St. Mo. 1899, § 3410 (Ann. St. 1906, p. 1940), providing that "every sale made by the vendor of goods and chattels in his possession or under his control, unless the same be accompanied by delivery in a reasonable time, regard being had to the situation of the property, and be followed by an actual and continued change of possession of the things sold, shall be held to be fraudulent and void as against the creditors of the vendor or subsequent purchasers in good faith," and that petitioner acquired title and possession of the lumber so estimated, set aside and marked within four months prior to the bankruptcy as against the bankrupt's trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 275; Dec. Dig. § 184.*]

Petition for Review of Proceedings of the District Court of the United States for the District of Missouri, in Bankruptcy.

In the matter of Joseph H. Huggins, bankrupt.   On petition by the Ozark Cooperage & Lumber Company to review an order of the District Court.   Reversed.

George B. Webster, for petitioner.

Frank Kelly, for respondent trustee.

Before HOOK and ADAMS, Circuit Judges, and J. B. McPHERSON, District Judge.

HOOK, Circuit Judge.   This petition to revise involves the ownership of 245,000 feet of hardwood lumber sawed at mills near Campbell, Mo., belonging to Joseph H. Huggins who was adjudged a bankrupt.   The petitioner, the Ozark Cooperage & Lumber Company, claims by purchase from the bankrupt before the commencement of the proceeding in bankruptcy.   It is not questioned that the transaction was in good faith, that the petitioner paid a substantial part of the purchase price and that both parties intended the title to the lumber should pass.   The narrow question is whether there was such a delivery as is required by a Missouri statute.   It is a question of

·local law. Security Warehousing Co. v. Hand, 206 U. S. 415, 27 Sup. Ct. 720, 51 L. Ed. 1117; Knapp v. Milwaukee Trust Co. (March 7, 1910), 216 U. S. 545, 30 Sup. Ct. 412, 54 L. Ed. ——; Bankruptcy Act, § 67e, 70a (Act July 1, 1898, c. 541, 30 Stat. 564-566 [U. S. Comp. St. 1901, pp. 3449, 3451]).

The Missouri statute provides that "every sale made by the vendor of goods and chattels in his possession or under his control, unless the same be accompanied by delivery in a reasonable time, regard being had to the situation of the property, and be followed by an actual and continued change of the possession of the things sold, shall be held to be fraudulent and void, as against the creditors of the vendor, or subsequent purchasers in good faith." Rev. St. Mo. 1899, § 3410 (Ann. St. 1906, p. 1940). This statute has been construed to mean that the change of possession must be open, notorious, and unequivocal, such as to apprise the community or those accustomed to dealing with the party that the property has changed hands, and to prevent him from deriving a false credit from the continuance of an apparent ownership. Claflin v. Rosenberg, 42 Mo. 439, 97 Am. Dec. 336; Lesem v. Herriford, 44 Mo. 325; Stewart v. Bergstrom, 79 Mo. 524; Rice, Stix & Co. v. Sally, 176 Mo. 107, 75 S. W. 398; Rice, Stix Dry Goods Co. v. Sally, 198 Mo. 682, 96 S. W. 1030; Thomas v. Ramsey, 47 Mo. App. 84. In Stewart v. Bergstrom and Thomas v. Ramsey it was held that the mere marking of dots on railroad ties without otherwise indicating a change of dominion or possession was insufficient. In Rice, Stix Dry Goods Co. v. Sally the putting up of a sign reading "Sarah H. Sally's Store" in connection with other acts was held to satisfy the law.

In the case at bar it appears from the petition to revise, and there is nothing before us to contradict it, that a written contract between the petitioner and the bankrupt made more than a year before the adjudication provided that petitioner was to purchase the lumber sawed at the bankrupt's mills at designated prices for the various kinds and grades. When sawed, the lumber was to be piled or stacked at or near the mills, according to detailed specifications. Twice each month the petitioner was to cause the lumber so piled to be estimated, and each stack was then to be numbered and branded with petitioner's initials "O. C. & L. Co." and it was to make an advance payment thereon of $10 per thousand feet. The contract further provided that when the advance payment was made "the act of estimating, marking, and setting aside of the said piles of lumber, shall constitute a delivery of the same for all intents and purposes, to the said Ozark Cooperage & Lumber Company, further delivery being hereby expressly waived." The course specified was pursued. After the lumber in controversy was sawed it was piled as directed in the contract, estimated by the petitioner, each stack was marked legibly in front with petitioner's initials, and the advance payment thereon was made, before the proceedings in bankruptcy were begun. We think this was a sufficient compliance with the statute. It contemplates that in determining whether there has been a sufficient change in possession regard should be had to the character and condition of the

property.  Some kinds of personal property may be readily delivered from hand to hand, and interested persons may rightfully expect that method to be observed.  In other cases, the character of the property and the circumstances of its situation preclude such a delivery; and other indicia of a change of ownership, such as signs, brands and marks are generally accepted as sufficient.  Each case, however, as it arises, should be determined by its own peculiar facts and circumstances.  The contract here contemplated that the newly made lumber should remain for a time at the mills, stacked in a particular way for curing and seasoning before shipment.  That was perhaps necessary, at any rate it was entirely proper, and it cannot be said that whilst so situated it was not lawfully the subject of barter and sale. The marking of the initials of the name of the purchaser on each pile of lumber where they would most likely be seen was indicative of a status or title which could not have been ignored in good faith by anyone dealing with the prior owner.  The statute was not intended to permit a creditor or subsequent purchaser to close his eyes to the obvious significance of things about him.  If the signs following the other acts of the parties had read, "This lumber belongs to the O. C. & L. Co.," it is doubtful a serious contention would have been made, yet having regard to the situation and condition of the property, the customs of business men adapted thereto, and the letter of the statute and its intent, we think that what was done was the equivalent.

The petition to revise is sustained, and the order of the District Court is vacated, with direction to allow the claim of the petitioner to the property in controversy.