## J. W. EDWARDS et al., Respondents, v. IRA S. SCHREIBER et al., Appellants.

### Kansas City Court of Appeals, December 31, 1912.

1. **PERSONAL PROPERTY: Sale: Partners: Delivery.** Two partners owned a typewriting machine which was in their office. One sold it to his brother by executing a bill of sale, but the purchaser did not take possession at the time. He let it remain during the day of his purchase, all of next day, and until midnight of the next night, when he entered the office and took it away. But in the mean time, on the day preceding the night he took it away, the other partner sold it to another and gave him possession by giving him the key to the room, the purchaser locking it up. It was *held* that there was no delivery and change of possession to the first purchaser, and that there was such delivery and change of possession to the second purchaser; and that the first purchaser was liable to the second for the value of the machine.

2. ———: ———: **Change of Possession: Delivery of Key.** Where there is an article of personal property in a room and it is sold to a purchaser, the delivery of the key to the room and the purchaser assuming control by locking it up, is a sufficient delivery and change of possession to satisfy the statute.

3. ———: ———: ———: **Bill of Sale: Fraudulent Conveyances: Statute.** The mere execution of a bill of sale for an article of personal property which is at hand and capable of being taken bodily, is not such a delivery and change of possession as required by the statute for a valid sale.

4. ———: ———: **Instruction: Matters Conceded: Reversible Error.** It is not reversible error to omit in an instruction matters which are admitted, or conceded, or about which no question is made.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

AFFIRMED.

*Fulkerson & Fulkerson* and *R. S. Newcomer* for appellants.

*Culver, Phillip & Spencer* for respondents.

ELLISON, J.—This action is for the value of a typewriter, and was begun before a justice of the peace. On appeal to the circuit court the plaintiff prevailed.

It appears that T. P. Gordon and Ira Schreiber were partners under the firm name of the St. Joseph Hay & Feed Company. They were negotiating for dissolution on the 6th of February, 1911. On the next day Gordon sold the typewriter and other property in their office to plaintiffs and turned over possession by delivering to them the key, with which they locked up the office.

Defendants' claim is that Ira Schreiber sold the property to his brother Ernest the day before Gordon made the sale to plaintiffs, and the evidence does show a prior sale, but fails to show any delivery. The only legitimate delivery was made to plaintiffs at the time of their purchase. The evidence makes this clear. Defendant Ernest Schreiber testified that the property was delivered to him, but explained that he meant the bill of sale was delivered to him. He conceded the machine remained as it was; and though he could have immediately removed it, he allowed it to remain there the day he bought it and the next day, and that he went into the office about midnight the following night and took it out.

It thus appears that the sale to defendant Ernest Schreiber was not accompanied by a change and delivery of possession as required by the statute, and it was therefore a fraudulent sale as to plaintiffs. [Sec. 2887, R. S. Mo. 1909; Wright v. McCormick, 67 Mo. 426; State ex rel. v. Goetz, 131 Mo. 675.]

On the other hand, the purchase from Gordon was accompanied by a delivery and change of possession. The delivery of the key to the room, the purchaser assuming control by locking it up, was sufficient.

There was no error in the instruction for plaintiffs. The evidence, connected with the face of the

entire record, left no issue which could be decided for defendants, unless it be that plaintiff did not make the purchase, and that question was submitted. It is not reversible error to omit in an instruction matters which are admitted or conceded or about which no question is made.

In the sale of personal property like that in question, where it was at hand and could readily have been delivered over to the purchaser, the mere execution of a bill of sale does not constitute such delivery and change of possession as required by the statute.

We do not think the point made as to plaintiffs suing upon one cause of action and being allowed to recover on another, is well taken. Formal pleadings are not necessary before a justice. The judgment being manifestly for the right party, is affirmed. All concur.