In the Matter of Glenn George GOWEN, Formerly d/b/a Valley Service Station or R & D Service.

Bourbon Cooperage Company, Appellant.

No. 71–1379.

United States Court of Appeals, Eighth Circuit.

Nov. 30, 1971.

See also D.C., 328 F.Supp. 789.

G. William Weier, J. Richard Roberts, Dearing, Richeson, Roberts & Wegmann, Hillsboro, Mo., for appellant.

Curtis Mann, Clayton, Mo., for appellee; Edward J. Karfeld, St. Louis, Mo., of counsel.

Before MATTHES, Chief Judge, LAY, Circuit Judge, and HUNTER, District Judge.[*]

PER CURIAM.

Following adjudication of Glenn George Gowen as a bankrupt on August 4, 1969, a controversy developed between the trustee in bankruptcy and Bourbon Cooperage Company over a large quantity of barrel staves. The parties stipulated to the referee's summary of the evidence, as follows:

Between October 10, 1968 and May 27, 1969, on designated dates, Gowen sold to

[*] Western District of Missouri, sitting by designation.

Bourbon the staves involved in this litigation. Bourbon took possession of a number of them, but left a large quantity on the bankrupt's premises for curing. More than 125,000 staves were on the bankrupt's premises at the time of bankruptcy, August 4, 1969. Subsequent thereto and prior to the issuance on March 7, 1970, of a restraining order Bourbon caused a number of the staves to be removed from bankrupt's premises.

This litigation was initiated by the filing by Bourbon of a petition to reclaim property and to dissolve the restraining order. The Trustee filed a counterclaim for an amount equal to the value of the staves removed by Bourbon after bankruptcy and before the restraining order was issued.

The referee in bankruptcy, on the basis of the evidence and the applicable law, dismissed Bourbon's petition to reclaim, and found that the trustee was entitled to a judgment against Bourbon in the sum of $23,008.35, that being the value of the staves improperly removed.

Upon petition for review the United States District Court, Judge Harper, adopted the referee's memorandum and decision. The case is here on appeal from the order of the district court. We affirm.

The question for resolution is whether the referee and the district court correctly decided that bankrupt's sales of the staves to Bourbon were fraudulent and void as to bankrupt's creditors within the meaning of the Missouri Statute § 428.080 V.A.M.S., and by reason of § 70 of the Bankruptcy Act were void as to the trustee in bankruptcy.

Section 428.080 V.A.M.S. provides in pertinent part:

> "Every sale made by a vendor of goods and chattels in his possession or under his control, unless the same be accompanied by delivery in a reasonable time, regard being had to the situation of the property, and be followed by an actual and continued change of the possession of the things sold, shall be held to be fraudulent and void, as against the creditors of the vendor. * * *"

It has been held that "possession," actual or constructive, is the key element in determining whether the transaction under scrutiny is void as to the creditors and trustee of the bankrupt. See and compare In re Ozark Cooperage and Lumber Co., 180 F. 105 (8th Cir.1910); 22 A.L.R. 1330n, and State ex rel. E. Sondheimer Co. v. Stone et al., 111 Mo.App. 364, 85 S.W. 950 (1905).

Whether Bourbon as claimant of the property was in constructive possession of the staves presented a question of fact. The able and experienced referee, upon a studious evaluation of the evidence, found against Bourbon and concluded that the rationale of the cases above cited dictated the rendition of the judgment under attack.

We are convinced that there was substantial evidence to support the referee's findings of fact and conclusions of law and that the district court properly adopted the same. We are not persuaded that the Uniform Commercial Code, particularly § 400.2–402(1) V.A.M.S., requires a reversal of the judgment.

Affirmed.